IN RE Petition for DISCIPLINARY AC-
TION AGAINST Ignatius Chuk-
wuemeka UDEANI, a Minnesota At-
torney, Registration No. 0300615.

A16-0227

Supreme Court of Minnesota.

Dated: June 15, 2017

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Ignatius Chukwuemeka Udeani has committed professional misconduct warranting public discipline—namely, failing to diligently handle three client matters, simultaneously representing two clients despite a concurrent conflict of interest, and communicating with a represented party. *See* Minn. R. Prof. Conduct 1.3, 1.7(a)(2), and 4.2.

Respondent and the Director have entered into a stipulation for discipline. In it, respondent withdraws his previously filed answer and unconditionally admits the allegations in the petition, except paragraphs 16, 27, 64-70, and 73, which the Director has withdrawn, and the corresponding rule violations. Respondent waives his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR). The parties jointly recommend that the appropriate discipline is a 30-day suspension followed by 2 years of probation under Rule 15, RLPR.

This court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Respondent Ignatius Chukwuemeka Udeani is suspended from the practice of law for a minimum of 30 days, effective 14 days from the date of filing of this order.

2. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).

3. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

4. Respondent shall be eligible for reinstatement to the practice of law following the expiration of the suspension period provided that, not less than 15 days before the end of the suspension period, respondent files with the Clerk of the Appellate Courts and serves upon the Director an affidavit establishing that he is current in continuing legal education requirements, has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court.

5. Within 1 year of the date of filing of this order, respondent shall file with the Clerk of the Appellate Courts and serve upon the Director proof of successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility. Failure to timely file the required documentation shall result in automatic re-suspension, as provided in Rule 18(e)(3), RLPR.

6. Upon reinstatement to the practice of law, respondent shall be subject to probation for 2 years, subject to the following terms and conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide to the Director a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investiga-

tion of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of three attorneys who have agreed to be nominated as respondent's supervisor within 2 weeks from the date of this order. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph (d) below. Respondent shall make active client files available to the Director upon request.

(d) Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent

intervals as may reasonably be requested by the Director.

BY THE COURT:

/s/ ————————————————

David R. Stras
Associate Justice